UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Ardisam, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Spreetail, LLC, <br><br> Defendant. | Court File No. 23-101 <br><br> **COMPLAINT** |

Plaintiff Ardisam, Inc. ("Ardisam" or "Plaintiff") brings this action against Defendant Spreetail, LLC ("Spreetail" or "Defendant") for breach of contract, unjust enrichment, and account stated, and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for breach of contract and damages arising out of Defendant's failure to pay numerous invoices for the order and delivery of goods provided by Ardisam. Despite several communications and attempts to resolve this issue, Defendant continues to renege on its obligations to provide payment for goods ordered and delivered. Defendant's failure to pay has resulted in damages to Ardisam totaling $1,623.036.24, not including interest and other recoverable costs.

## THE PARTIES

2. Ardisam is a Wisconsin corporation with its principal place of business located at 1730 Industrial Avenue, Cumberland, Wisconsin 54829.

3. Spreetail is a Nebraska limited liability company with its principal place of business located at 2021 Transformation Drive, Suite 2500, Lincoln, Nebraska 68508.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between Ardisam and Spreetail and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the actions giving rise to the claims in this action took place in Wisconsin including, but not limited to, Ardisam's sale of goods to Spreetail.

## FACTUAL BACKGROUND

6. Ardisam designs, manufactures, markets, and sells unique outdoor products to retailers throughout the United States.

7. As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Ardisam has acquired a reputation for quality, integrity and innovation, and is well-known as a leading seller of premium outdoor products.

8. Spreetail has a history of ordering products through Ardisam for ultimate resale and continued to order products throughout the time period of May 2022 through September 2022.

9. Each time Spreetail ordered goods and products from Ardisam, Ardisam invoiced Spreetail for the goods received.

10. Pursuant to the invoices referenced herein, payment for products was due within 45 days of delivery.

11. Despite not paying its invoices for months on end, Spreetail continued ordering products from Ardisam.

12. Over the last six months, Ardisam has tried to resolve the payment issues directly with Spreetail in order to avoid litigation.

13. Despite Ardisam's willingness to work with Spreetail to resolve these issues, Spreetail has continuously failed to follow up on its payment obligations and has failed to communicate with Ardisam regarding these failures and its outstanding balance.

14. To date, Spreetail has ordered, received, and failed to pay for goods in an amount totaling $1,623.036.24, exclusive of interest and costs.

## COUNT I - BREACH OF CONTRACT (ARTICLE II UCC)

15. Ardisam re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

16. Spreetail regularly ordered goods from Ardisam, received those goods, and was invoiced for the cost of those goods.

17. Ardisam delivered goods to Spreetail consistent with its purchase orders and then invoiced Spreetail for those shipments.

18. Pursuant to the invoices sent by Ardisam, payment was due and owing 45 days from delivery of goods.

19. Spreetail has failed to pay the amounts due and owing.

20. Spreetail breached the parties' agreement by accepting delivery of the Ardisam goods and failing to pay Ardisam for the products.

21. As a result of Spreetail's multiple breaches of contract, Ardisam has incurred damages totaling $1,623.036.24.

22. Spreetail is liable to Ardisam for breach of contract in the amount $1,623.036.24, not including interest and other recoverable costs.

## COUNT II – UNJUST ENRICHMENT

23. Ardisam re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

24. By accepting Ardisam's products and refusing to pay for them, Spreetail has unjustly, unlawfully, and illegally profited and received products from Ardisam to which it was not entitled.

25. Spreetail appreciated the fact of the benefit it received by obtaining, and continuing to obtain, Ardisam products without payment.

26. Spreetail's acceptance and retention of the benefit conferred by Ardisam is inequitable such that it is improper and wrongful for Spreetail to retain the benefit of Ardisam product without payment for the value thereof.

27. The acts of Spreetail complained of herein constitute unjust enrichment of Spreetail at Ardisam's expense.

28. Ardisam has suffered damages in an amount totaling $1,623.036.24, exclusive of interest and costs.

## COUNT III: ACCOUNT STATED

29. Ardisam re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

30. Through Spreetail's continued orders for goods, Ardisam expected payment for those goods within 45 days, as stated in the invoices.

31. Spreetail established an account with Ardisam after receiving regular invoices from Ardisam for goods ordered and delivered.

32. Spreetail received the invoices from Ardisam related to the goods ordered and delivered and failed to object to the invoices within a reasonable time period.

33. The time to object to Ardisam's invoices has passed, and there is currently an unpaid balance on the account, due and owing to Ardisam, in the amount of $1,623.036.24, exclusive of costs and interest.

**PRAYER FOR RELIEF**

WHEREFORE, Ardisam prays for judgment against Spreetail as follows:

A.  Enter judgment against Spreetail in the amount of $1,623.036.24 for the unpaid invoices for product that was delivered from Ardisam to Spreetail between May and September 2022;

B.  Awarding pre- and post-judgment interest;

C.  Enter judgment against Spreetail for additional costs and attorneys' fees in an amount to be determined; and

D.  Such other relief as the Court deems just and proper.

Dated this 10th day of February, 2023

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff*

By: s/Colleen McGarry
Colleen McGarry, #0391857 (MN)
Andrew Hansen (*pro hac forthcoming*)
Katherine Geneser (*pro hac forthcoming*)
Email: cmcgarry@foxrothschild.com
ahansen@foxrothschild.com
kgeneser@foxrothschild.com
33 South 6th Street, Suite 3600
Minneapolis, MN 55402
Telephone: 612-607-7000
Facsimile: 612-607-7100

142667644.1